IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CENTURY INDEMNITY COMPANY**, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 09-MC-53 |
| | : | |
| **FENCOURT REINSURANCE COMPANY, LTD.**, | : | |
| | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

**July 22, 2009**                                                                               **Anita B. Brody, J.**

## I.  INTRODUCTION

On March 26, 2009, Petitioner Century Indemnity Company ("Century") filed a Petition to Confirm in Part and Vacate in Part an Arbitration Award issued by an arbitration panel on December 26, 2008.  Century contends that the panel exceeded its authority by failing to implement mandatory, unambiguous terms that the parties had agreed to.  Century asks the Court to vacate paragraph twelve of the arbitration award and Respondent Fencourt Reinsurance Company, Ltd.  ("Fencourt") asks that the Court affirm paragraph twelve.  The first eleven paragraphs of the arbitration award are not in dispute.

**II. BACKGROUND**

The arbitration award arises out of a dispute over eight reinsurance agreements between Century and Fencourt.  The arbitration award orders Fencourt to pay a certain sum to Century owed under the reinsurance agreements.  Paragraph twelve of the arbitration award states that "all other claims for relief are denied."  Century contends that, in drafting this paragraph, the arbitration panel exceeded its authority by ignoring  mandatory, unambigous terms in the reinsurance agreements that provided for interest, attorneys fees, and costs.  In particular, Century claims that the reinsurance agreements mandated Fencourt to pay one-percent interest monthly on the money ordered to be paid to Century and mandated Fencourt to pay Century's attorneys' fees and costs from the arbitration proceedings.  Fencourt responds that the panel interpreted an ambiguous term in the agreement and the court cannot question the panel's interpretation.

Century points to Article XIII of the reinsurance agreements as evidence that the panel exceeded its authority by ignoring mandatory, unambiguous terms.  Article XIII states that:

> Subsequent to the termination of the policies, each party will reimburse the other for amounts which become owing either prior and/or subsequent to such termination and which are not paid in accordance with the terms of this Agreement and will also pay the following interests charges on such amounts: One percent (1%) per month or a part thereof, on such amounts paid subsequent to ten (10) days after such amount became due and payable.
>
> Attorney's fees and court costs reasonably incurred by the party collecting such amounts shall be reimbursed by the party from whom such amounts are collected.

Century contends that a court must vacate an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4) "where arbitrators exceeded their powers." Fencourt responds that Article XIII is ambiguous and that the panel's interpretation of this provision cannot be disturbed by the Court. Fencourt further responds that Century's interpretation of Article XIII would put it in conflict with Article XI, which required the parties to pay for the cost of their own arbitrators and that "the remaining costs of the arbitration proceedings shall be allocated by the arbitral tribunal." (Fencourt's Opp, 2). Fencourt contends that the panel apparently interpreted Article XIII's ambiguous terms to apply only to post-award interest, costs and fees and that this Court should not disturb that rational interpretation.

### III.  STANDARD OF REVIEW

There is a strong presumption under the FAA in favor of upholding arbitration awards and a court may not vacate an award if the panel's interpretation of the parties' agreement is "in any rational way" derived from the agreement. Pa. Power Co. v. Local Union No. 272, 276 F.3d 174, 178 (3d Cir. 2001). In other words, a court may not vacate a panel's decision merely because the Court disagrees with the panel's interpretation of an agreement. Id. It is not the court's role to re-weigh or re-examine the evidence, but to "determine if the form of the arbitrator's award can be rationally derived either from the agreement between the parties or from the parties submissions to the arbitrators." Mutual Fire, Marine & Inland Ins. Co. v. Norad Reins. Co. Ltd., 868 F.2d 52, 56 (3d Cir. 1989) (internal citations omitted). The court may only revise the arbitration award if it is "completely irrational." Id. (internal citations omitted). Courts do not have the authority to overturn an award even if the panel was mistaken in fact, misinterpreted the contract, or made erroneous legal conclusions. Citgo Asphalt Refining Co. v.

The Paper, Allied-Indus., Chem., and Energy Workers Int'l Union Local, 385 F.3d 809, 815-16 (3d Cir. 2004) (internal quotations omitted).  Courts should intervene, however, if the panel's award "does not draw its essence from the . . . agreement and the arbitrator is dispensing his or her own brand of industrial justice," or if there is a "manifest disregard of the agreement."  Pa. Power Co., 276 F.3d at 178  (internal quotations omitted).  A court may vacate an arbitration award if the panel's interpretation of the agreement was "totally unsupported by principles of contract construction."  Exxon Shipping Co. v. Exxon Seamen's Union, 73 F.3d 128, 1295 (3d Cir. 1996).

## IV.  DISCUSSION

Neither party opposes paragraphs 1 through 11 of the arbitration award and both parties have already complied with these paragraphs.  Therefore, Century's petition to confirm paragraphs 1 through 11 is denied as moot.

Paragraph twelve of the award denies Century interest, attorneys' fees, and court costs to which Century claims entitlement under Article XIII of the reinsurance agreement.  Fencourt argues that the panel interpreted the attorney fees, court costs, and interest in Article XIII to apply prospectively and not to amounts that are past due.  The interest at issue applies to amounts which "*become owing* either prior and/or subsequent to such termination [of the policies] and which are not paid in accordance with *the terms of this Agreement* . . . amounts paid subsequent to ten (10) days after such amount *became due and payable*." (emphasis added).  "[B]ecomes owing" and "became due and payable" could rationally be read to refer to amounts determined to be owed after the arbitration panel issued its decision.  This is especially plausible because it was the panel that was tasked with determining whether there were amounts

upon which interest could accrue - i.e. amounts that were not paid "in accordance with the terms of this Agreement."

In addition, "[a]ttorney fees and court costs" could reasonably be read as one phrase that applies to proceedings in court and not to the arbitration proceedings.  Because the language of Article XIII is somewhat ambiguous, the panel's interpretation of the agreement is not "completely irrational," nor did the panel exhibit a  "manifest disregard" for the agreement. Therefore, I deny Century's petition to vacate paragraph twelve of the arbitration award and the award remains binding as written.  Fencourt's petition to confirm paragraph twelve of the arbitration award is therefore denied as moot.

Fencourt requests attorneys' fees and court costs for the district court proceedings under Article XI of the agreement, which states that:

> Either party may apply to the United States District Court for the Eastern District of Pennsylvania for an order confirming the award; and a judgment of that Court shall thereupon be entered upon the award.  If such an order is issued, the attorneys' fees of the party so applying relating to such confirmation order and court costs will be paid by the party against whom confirmation is sought.

Here, Century asked the Court to vacate paragraph twelve of the award and Fencourt's request for confirmation of paragraph twelve is essentially an opposition to Century's motion to vacate. Both parties were abiding by the award as issued prior to seeking court intervention and neither party needed to request confirmation to achieve compliance.  Therefore, I decline to award attorneys' fees to Fencourt.

5

           s/Anita B. Brody

           _____

           ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:  Copies **MAILED** on _____ to: